**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MIGUEL ADRIAN ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-26-2699-D** |
| | ) | |
| **JUSTIN FARRIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, appearing pro se, has filed two applications for leave to proceed in forma pauperis. Docs. 2, 7. United States District Judge Timothy D. DeGiusti referred this 42 U.S.C. § 1983 action to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5.

## I. Discussion.

The filing fee in civil cases is $405.00.[1] A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed IFP. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing a district court order denying an in forma pauperis application for an abuse of

[1] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

discretion). "Section 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the Court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (internal citations omitted).

Turning to the first factor, Plaintiff, proceeding pro se, claims that certain employees of the Oklahoma Department of Corrections (ODOC) violated his Fourth, Eighth, and Fourteenth Amendment rights by miscalculating the length of his sentence, causing him to remain incarcerated for approximately ten years longer, by Plaintiff's count, than necessary. Doc. 1. Petitioner seeks over $38 million in damages. *Id*. Plaintiff's claims are most likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Griffin v. Bauby*, No. 24-1299, 2024 WL 4824745, at *2 (10th Cir. Nov. 19, 2024) ("[T]he Supreme Court has held that a § 1983 claim is barred 'if success in that action would

necessarily demonstrate the invalidity of confinement *or its duration*.' The miscalculation of time served is inherently an attack on the duration of a sentence.") (internal citation omitted) (emphasis in the original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Therefore, the undersigned finds that Plaintiff's claims are likely to be frivolous.

As to the second factor, Plaintiff is no longer a prisoner. So the undersigned does not find that the special concerns attendant to prisoner cases apply.

For the final factor, Plaintiff states he has zero income or assets and no regular expenses. Doc. 2, at 1-2. The Court ordered Plaintiff to supplement his application with any spousal or parental support or any other sources of income and recurring monthly expenses. Doc. 6.

Plaintiff submitted a second IFP application. Doc. 7. Plaintiff again claimed no income. *Id.* at 1. Plaintiff disclosed ownership of a 2018 Dodge Charger, as well as $50 in monthly housing expenses and $275 in debt. *Id.* at 2. Plaintiff did not explain how he meets his daily living expenses.

Considering all these factors, Plaintiff has not shown a financial inability to pay the required fee. He failed to disclose his complete financial situation, he is not a prisoner, and his complaint is likely to be frivolous.

## II. Recommendations and notice of right to object.

The undersigned recommends the Court deny Plaintiff's IFP motions. Docs. 2, 7. The undersigned further recommends that the Court dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court **on or before November 3, 2026**. The Court further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 20th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE